UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00694-TBR

STACEY PAYTON SCHMIDT                                        Plaintiff

v.

JEFFERSON COUNTY BOARD OF EDUCATION            Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Jefferson County Board of Education's Rule 12(b)(5) Motion to Dismiss. (Docket No. 6.) Plaintiff Stacey Payton Schmidt has responded. (Docket No. 7.) For the reasons that follow, Defendant's Motion will be DENIED.

BACKGROUND

Plaintiff filed her Complaint in this matter on July 9, 2013, claiming that her employment was unlawfully terminated by Defendant in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140. (Docket No. 1.) Summons was issued the following day, but Defendant was not served with Plaintiff's Complaint and summons until April 10, 2014, some 275 days after her Complaint was filed. Defendant now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) on the basis that Plaintiff failed to perfect service within the 120-day period prescribed by Rule 4(m).

DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) provides that a complaint may be attacked for insufficient service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the failure to deliver a summons and complaint in accordance with Rule 4(m). *See generally* 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1353 (3d ed.). Rule 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The U.S. District Court for the Eastern District of Kentucky has succinctly summarized Rule 4(m) as follows:

> Rule 4(m)'s first sentence gives the Court discretion to dismiss the action or allow Plaintiffs additional time—the court "must dismiss the action . . . *or* order that service be made within a specified time." (emphasis added). The Rule's second sentence eliminates the Court's discretion where good cause is shown—if the Plaintiffs show "good cause for the failure, the court *must* extend the time for service for an appropriate period." (emphasis added). Thus, the Court must first determine whether there is good cause for Plaintiffs' failure to timely execute service. If not, the Court must determine in its discretion whether to dismiss the action or allow Plaintiffs additional time.

*Bradford v. Bracken County*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011).

A plaintiff bears the burden of showing good cause under this Rule. *Id.* (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *Williams v. Vogelpohl*, 181

F.3d 106, 1999 WL 96748, at *2 (6th Cir.1999) (unpublished table decision)). Though Rule 4(m) does not define "good cause," the Sixth Circuit has required "at least excusable neglect." *Id.* (citing *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (unpublished table decision)). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "[W]hether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer*, 507 U.S. at 395). Relevant considerations include "the danger of prejudice to the [non-moving party], the length of delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (alteration in original) (quoting *Pioneer*, 507 U.S. at 395).

Plaintiff states that service was attempted through the Jefferson County Sheriff's Department. (Docket No. 7, at 1-2.) After some time had passed, Plaintiff's counsel discovered that service had not been had and that the Sheriff's Department had no record of the summons. (Docket No. 7, at 1-2.) At that point, counsel sought to correct the problem and promptly hand-delivered a new copy of the summons to the Sheriff's Department for service on Defendant. (Docket No. 7, at 2.)

The Court is satisfied that Plaintiff's delay in effecting service was the result of neglect. The Court is further satisfied that this neglect is excusable for several reasons. First, there is nothing to suggest any impropriety in the delay in effecting service.

Second, Defendant now has properly been brought into this case and is defending this action. Third, the delay of roughly five months, while significant, is not unduly excessive. Fourth, this action appears to be well within the statute of limitations; thus, even if the Court were to dismiss this action without prejudice, Plaintiff could simply refile her Complaint.

In sum, the Court finds little danger of prejudice to Defendant under these circumstances. The Court also recognizes that dismissal would serve little practical purpose and, instead, would serve only to further delay the eventual resolution of this matter. Thus, the Court finds that Plaintiff has shown good cause for the failure to effect service within the 120-day period set out in Rule 4(m).

## CONCLUSION

Having considered Defendant's Motion and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendant's Rule 12(b)(5) Motion to Dismiss, (Docket No. 6), is DENIED.

Date:


cc: Counsel